**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| DON KING PRODUCTIONS, INC. * | |
| Plaintiff * | |
| v. * | Civil No. 06-1480(SEC) |
| LA BARRITA SNUPPY, et als. * | |
| Defendants * | |

**OPINION AND ORDER**

Pending before the Court is Co-defendants Héctor Luis Roman Miranda and his Conjugal Partnership's, d/b/a Pocito Dulce 2 a/k/a Pocito Pizza's (hereinafter the Roman Defendants) unopposed motion to set aside default (Docket # 78). Having reviewed the Roman Defendants' motion and the applicable law, their motion will be **GRANTED**.

**Factual and procedural background:**

Plaintiff, Don King Productions, Inc. (hereinafter DKPI), a corporation organized under the laws of Delaware alleges to be the producer and copyright holder of the closed-circuit telecast of the May 14, 2005 Championship boxing match "Félix Trinidad v. Winky Wright" and the preliminary bouts, (hereinafter the Event) at closed-circuit locations such as theaters and bars, among others. DKPI further alleges that it produced, marketed and distributed the Event for commercial gain and, therefore, for this purpose, it contracted with various establishments (hereinafter the authorized establishments) throughout Puerto Rico for them to broadcast the Event in exchange for a fee. The complaint claims that defendants willfully intercepted and/or received the interstate communication of the Event without seeking permission to do so or paying any fees to DKPI, in violation of its license for exclusive exhibition of the Event. The complaint seeks a remedy pursuant to the Federal Communications Act of 1934, as amended, (hereinafter the FCA), specifically 47 U.S.C.A. §§ 605 & 553.

The Court entered default against the Roman Defendants on October 4, 2006, for their

**Civil No. 06-1480(SEC)**                                                                                                          2

failure to answer the Complaint or otherwise plead. <u>See</u>, Docket # 41. Plaintiff filed a motion for default judgment, which has not been ruled on. <u>See</u>, Docket # 66. The Roman Defendants now move to set aside the default entered against them, and tendered an answer to Plaintiff's complaint.

**Standard of Review:**

When dealing with a motion to set aside default the Court must first determine which standard will govern. If the movant is on default but no judgment against him has been entered, Fed. R. Civ. P. 55 (c) applies. If a judgment was entered, and the movant asks for it to be set aside, then Fed. R. Civ. P. 60(b) governs. <u>See</u>, <u>U.S. v. $23,000</u>, 356 F. 3d 157, 164 (1st Cir. 2004)(hereinafter <u>$23,000</u>). Because no judgment has been entered against the Roman Defendants, their motion must be reviewed under Fed. R. Civ. P. 55(c), which provides that "[f]or good cause shown the court may set aside an entry of default." The requirement of good cause "is a liberal one." <u>$23,000</u>, 356 F. 3d at 165.

The relevant factors to determine whether good cause has been show are: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. <u>Id.</u>; <u>see also</u>, <u>Leshore v. County of Worcester</u>, 945 F. 2d 471 (1st Cir. 1991)(hereinafter <u>Leshore</u>); <u>Effjohn Intern. Cruise Holdings, Inc. v. A & L Sales, Inc.</u>, 346 F. 3d 552, 563 (5th Cir. 2003)(<u>Effjohn</u>). These requirements are not exclusive but a "means to identify good cause." <u>Effjohn</u>, 346 F. 3d at 563. Finally, pursuant to the philosophy that actions should be resolved on the merits, any doubts whether relief should be granted should be resolved in favor of setting aside the default. <u>Leshore</u>, 945 F. 2d at 472; <u>see also</u>, <u>Rasmussen v. American Nat. Red Cross</u>, 155 F.R.D. 549, 551 (D. Va. 1994), *citing*, <u>Compton v. Alton SteamshipCo., Inc.</u>, 608 F. 2d 96, 102-103.

**Applicable law and Analysis:**

The Roman Defendants allege in their motion that they were improperly served

**Civil No. 06-1480(SEC)** 3

because the summoner "threw" the papers (we presume that they refer to the complaint and summons) which were recovered by a third person and "later" given to them. We first note that the Roman Defendants' motion is ambiguous in that it does not state **where** the service was made, **who** recovered the service of process and **when** the complaint and summons were given to defendants. As such, it is difficult for the Court to determine if there is good cause to set aside the default entry. This notwithstanding, the Roman Defendants allege that they sought the legal advice of Attorney Félix Negrón after they learned of the case pending against them. They further aver that Attorney Negrón had been previously engaged by them when Plaintiff made extrajudicial attempts to collect from the Roman Defendants, but that sometime in 2006 said attorney informed them that he did not practice in Federal Court. The Roman Defendants further aver that after they learned this fact, they went to several interviews with different attorneys in order to obtain legal representation, and finally retained the assistance of Counsel Mauricio Hernández Arroyo. Once again, they do not provide the Court with a time frame of when these facts occurred. It seems, however, that these efforts began after the Motion for Default Judgment was filed by Plaintiff. See, Docket #78, p. 2.

We review the Roman Defendants' motion liberally in order to determine whether they met the requirement of good cause. In doing so, we need to examine the three requirements described above. Let's see.

Plaintiff's failure to oppose the Roman Defendants' motion, along with the fact that there are still other Defendants litigating this case, tend to show that Plaintiff would suffer no prejudice if the Roman Defendants' motion was granted. Therefore, the requirement of lack of prejudice is met. Moreover, the Roman Defendants raise a few defenses to Plaintiff's complaint, to wit: (1) that they have been mistaken for another establishment, namely, Pocito Dulce 2, insofar as the name and address pertaining to the Roman Defendants are different than the name and address stated in Plaintiff's complaint; and (2) that they never had cable service capability in their establishment. We need not address the merits of these defenses

**Civil No. 06-1480(SEC)** 4
_____

at this point; we need only consider whether, if proven, they would constitute meritorious defenses against Plaintiff's complaint. We believe they would. Finally, although the Roman Defendants' ambiguous motion stands on thin ice as to the excusable nature of their failure to plead in this case, we cannot conclude that their actions were willful. Because the Rule 55(c) factors weigh in favor of lifting the default entered against the Roman Defendants, their motion will be **GRANTED**. As such, the default entered against them (Docket # 41) is hereby **SET ASIDE**. Accordingly, Plaintiff's motion for default judgment is **DENIED**.

Because the Roman Defendants missed a few important deadlines in this case, the Case Management Order is hereby amended as follows: the Roman Defendants are **ORDERED** to meet and confer with Plaintiff to amend the Rule 26 Report; the updated Report must be filed by **May 11, 2007**; because discovery was scheduled to conclude today, the parties are granted until **June 22, 2007** to conduct any further discovery required in regards to the Roman Defendants; the deadline for the filing of **Motions for summary judgment** is now **July 30, 2007**; the **Pretrial Order** is due by **August 30, 2007**.

**SO ORDERED**

In San Juan, Puerto Rico, this 30th day of April, 2007.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge